Minute Order Form (06/97)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Ronald A. Guzman | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 01 C 7574 | **DATE** | 2/12/2002 |
| **CASE TITLE** | THOMAS LITTLE vs. J.F. GRABER, Warden, MCC Chgo. | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to] ☐ FRCP4(m) ☐ General Rule 21 ☐ FRCP41(a)(1) ☐ FRCP41(a)(2).
(10) ■ [Other docket entry] ENTER MEMORANDUM OPINION AND ORDER: this habeas corpus petition is dismissed on the grounds of mootness.

(11) ■ [For further detail see order attached to the original minute order.]

| | | | | Document Number |
|---|---|---|---|---|
| | No notices required, advised in open court. | | | |
| | No notices required. | | number of notices | |
| | Notices mailed by judge's staff. | | | |
| | Notified counsel by telephone. | | FEB 1 3 2002 date docketed | |
| ✓ | Docketing to mail notices. | | | 12 |
| ✓ | Mail AO 450 form. | | docketing deputy initials | |
| | Copy to judge/magistrate judge. | | | |
| TBK | courtroom deputy's initials | 02 FEB 12 PM 1:31 Date/time received in central Clerk's Office | date mailed notice mailing deputy initials | |

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

THOMAS LITTLE,            )
                          )
                          )   No. 01 C 7574
         Petitioner,      )   Judge Ronald A. Guzman
                          )
                          )
    v.                    )
                          )
                          )
J.F. GRABER, Warden, MCC Chicago,  )
                          )
                          )
                          )
                          )
         Respondent.      )

## MEMORANDUM OPINION AND ORDER

On October 1, 2001, petitioner Thomas Little, a federal prisoner at MCC Chicago, filed the instant petition for writ of habeas corpus complaining that he was a federal parolee who had been arrested on a warrant issued by the U.S. Parole Commission on November 20, 2000, and that he had not been given a parole revocation hearing in the time frame allocated by law. Petitioner requested immediate release from custody.

In response, the respondent told the Court that a revocation hearing was scheduled for December 27, 2001, that the delay was at least partly of petitioner's own doing, that petitioner had been offered a revocation hearing on October 1, 2001, but had requested a continuance, and that petitioner had no right to be released from custody.

1

Petitioner has, since then, submitted an affidavit which blames the Commission for the delay, but which also admits that, on December 27, 2001, petitioner did have the revocation hearing as promised by the Commission. The affidavit alleges that the Commission's hearing examiner, at that hearing, found petitioner guilty of an assault charge which the State of Illinois did not prosecute. Petitioner claims that he is not guilty of the assault offense found by the examiner, and argues that the examiner's recommended disposition (60 months in prison) is cruel and unusual punishment. The affidavit concludes by asserting that petitioner does not belong in prison.

At the hearing, the victim of the assault and battery charge (Charge No. 2) testified that petitioner had attacked her in a sexual manner and terrified her by threatening her repeatedly with scissors. (She and petitioner were co-workers and the episode occurred in their workplace.) Petitioner, who was represented by a court-appointed attorney, gave his exculpatory version of the episode, arguing that it had been consensual and was being blown out of proportion by the victim. The examiner also heard testimony from the sheriff's deputy who arrested petitioner. The examiner concluded, based upon the testimony received, that the victim's story was credible, and found that petitioner had assaulted the victim to commit a sexual act. The examiner also found that petitioner had threatened the victim by pointing scissors at her eyes, nose, mouth, and behind her ear, causing great mental distress. With petitioner's salient factor score of 4, this finding produced a guideline range of 48-60 months on the Commission's guidelines at 28 C.F.R. § 2.20. Because petitioner will be mandatorily released prior to his full term date of November 7, 2007, which would be within that guideline range, the examiner recommended that petitioner be continued to the expiration of his sentence.

2

This decision was accepted by the Commission and, on January 23, 2002, the Commission issued a notice of action revoking petitioner's parole and continuing him to the expiration of his sentence, in accordance with the recommended decision of the examiner. The decision states that "the above action is appealable to the National Appeals Board under 28 C.F.R. 2.26."

## DISCUSSION

The only remedy available to an arrested parolee who complains of a delayed revocation hearing is that the hearing be held. *Bryant v. Grinner,* 563 F.2d. 871, 872 (7th Cir. 1977). Such a delay does not violate due process of law, even if unreasonable, unless the parolee can also show that he was prejudiced in his ability to defend himself at the revocation hearing once it was held. *Hanahan v. Luther,* 629, 635 (7th Cir. 1982)(holding that delayed revocation hearing did not warrant release from custody because it did not cause any prejudice to the parolee that "impaired his defense"). In this case, although petitioner complains that the penalty assessed against him by the Commission's hearing examiner was unduly harsh, he makes no allegation that his hearing was procedurally unfair, or that his ability to defend himself was prejudiced as a proximate result of the delay. Petitioner had his opportunity to present his case and to confront and cross-examine his accuser. More is not required. *See Morrissey v. Brewer,* 408 U.S. 471, 488 (1972). Thus, the holding of the revocation hearing on December 27, 2001, fully remedied the delay that was the subject of petitioner's habeas corpus petition. *Weaver v. Markley,* 332 F.2d 34, 36 (7th Cir. 1964).

In other words, this case is moot because petitioner has received all of the relief to which he is entitled. *See Berg v. U.S. Parole Commission,* 735 F.2d 378, 379 n.3 (9th Cir. 1984). (where

parolee could not show that 36-month delay was unreasonable or that it caused him prejudice, he was entitled only to a writ of mandamus compelling the revocation hearing to be held "...a remedy which is now moot because the required hearing has been held").

Although petitioner now apparently intends to use this habeas proceeding to challenge the penalty assessed against him by the Commission's examiner at the revocation hearing, to do so requires the filing of a new habeas corpus petition. Petitioner cannot do this yet, because the Commission's decision has just been issued, and petitioner is required to exhaust his administrative remedies before seeking judicial review of the Commission's revocation decision. *See Sanchez v. Miller*, 792 F.2d 694, 697 (7th Cir. 1986). Moreover, the Court lacks jurisdiction to review a challenge to the merits of the Commission's decision, which must be upheld so long as there is a "rational basis" for the Commission's decision. *See Hanahan v. Luther, supra*, at 632. A denial of parole or reparole that merely requires an offender to complete an existing sentence cannot be cruel and unusual punishment under the Eighth Amendment. *See Jonas v. Wainwright*, 779 F.2d 1576. 1577 (11th Cir. 1986) (holding such a challenge to be frivolous). Thus, not only must petitioner exhaust his administrative remedies to obtain judicial review of the commission's revocation decision, he must also state a cognizable claim, which his affidavit fails to do.

## CONCLUSION

For all of the above reasons, this habeas corpus petition is dismissed on the grounds of

4

mootness.

SO ORDERED                          ENTERED: 2/12/02

*[signature]*
HON. RONALD A. GUZMAN
United States Judge